```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
                                    :
GEORGE RUBIS, ET AL                 :
                                    :
                                    :
v.                                  :   CIV. NO. 3:11CV796 (WWE)
                                    :
HARTFORD FIRE INSURANCE             :
CO.                                 :
                                    :
                                    :
```

<u>RULING ON PLAINTIFFS' EMERGENCY MOTION TO QUASH SUBPOENAS
AND MOTION FOR SANCTIONS [DOC. #43]</u>

Oral argument was held on March 21, 2012, on plaintiffs' Emergency Motion to Quash and for Sanctions. [Doc. #43].

<u>Plaintiffs' Motion to Quash **[Doc. #43]**</u>

Plaintiffs move to quash three subpoenas served on plaintiffs' counsel, William Madsen and Kera Paoff, to appear and testify at an evidentiary hearing on March 28, 2012, and the records custodian for plaintiffs' law firm, Madsen, Prestley & Parenteau, to provide documents in connection with defendant's pending motion to disqualify counsel. [Doc. #24].

Plaintiffs' Motion to Quash **[doc. #43]** is **GRANTED** on the current record. Since depositions of opposing counsel are disfavored, <u>see</u> <u>United States v. Yonkers Board of Ed.</u>, 946 F.2d 180, 185 (2d Cir. 1991), information regarding communications with the defendant's former employee, Gary Kemp should be sought

1

in the first instance from Mr. Kemp. See <u>Tucker v. American Intern. Group, Inc.</u>, No. 3:09CV1499 (CSH), 2012 WL 314866, *14 (D. Conn. Jan. 31, 2012) (applying the "flexible approach" taken by the Second Circuit with respect to lawyer depositions "taking into account all relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship.") (quoting <u>In Re Subpoena Issed to Dennis Friedman</u>, 350 F.3d 65, 76 (2d Cir. 2003). "Courts are understandably 'leery of turning trial counsel in the case before them into subpoenaed witnesses, because too often it is an effort to harass and intimidate and make trouble for a party by going after the lawyer." <u>Tucker</u>, 2012 WL 314866, *13.  Since there may be less disruptive means of getting the information that defendant seeks, defendant has made an insufficient showing that it pursued alternate means to get this information without infringing on the attorney client privilege and work product protection afforded plaintiffs and their counsel.

    Plaintiffs' Motion for Sanctions **[Doc. #43]** is **DENIED** on this record.

    Oral argument, (and a hearing, if necessary),  on Defendant's Motion to Disqualify Counsel will be held on Wednesday March 28, 2012 at 10:00AM.

    This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly

erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

    SO ORDERED at Bridgeport this 23rd day of March 2012.

```
                        ___/s/_____
                        HOLLY B. FITZSIMMONS
                        UNITED STATES MAGISTRATE JUDGE
```