UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUBIS et al.,<br>　　Plaintiffs, | : | 3:11cv796 (WWE) |
| | : | |
| v. | : | |
| | : | |
| HARTFORD FIRE INSURANCE,<br>　　Defendant. | : | |

## ORDER ON MOTION FOR RECONSIDERATION

In this action, plaintiff David Evans alleged wrongful discharge in violation of public policy, wrongful discharge in violation of the implied covenant of good faith and fair dealing and violation of the state anti-retaliation statute, Conn. Gen. Stat. § 31-51q.

In a prior ruling, this Court granted a motion to dismiss the claims of wrongful discharge in violation of public policy and wrongful discharge in violation of the implied covenant of good faith and fair dealing on the basis that such common law claims were preempted by the exclusive remedy provided by section 31-51m.

Upon review, the Court will grant the motion for reconsideration. The Court will vacate its decision and allow plaintiff to plead his claim of wrongful discharge in the alternative.

## Discussion

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid

"wasteful repetition of arguments already briefed, considered and decided." <u>Weissman v. Fruchtman</u>, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

In granting the motion to dismiss, this Court relied upon <u>Burnham v. Karl & Gelb, P.C.</u>, 252 Conn. 153 (2000), which held that plaintiff could not claim discharge in violation of public policy where a statute on which the claimed public policy was premised provided plaintiff a remedy.  Section 31-51m of the Connecticut General Statutes protects whistleblowers by providing, in relevant part:

> No employer shall discharge, discipline or otherwise penalize any employee because the employee . . . reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body, or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action. . . . The provisions of this subsection shall not be applicable when the employee knows such report is false.

Plaintiff's wrongful discharge allegations assert retaliation for his internal reports to management, external reports to the Attorney General's Office and the Insurance Department about defendant's insurance practices, and his deposition about labor rates and other insurance practices as part of litigation brought by the Auto Body Association of Connecticut.

Section 31-51m does not protect him from retaliation for his internal reports. However, this Court interpreted <u>Burnham</u> to provide that section 31-51m preempts common law wrongful discharge actions even when the elements of the statute are not met.  The Court now reconsiders its analysis of <u>Burnham</u>.

In <u>Burnham</u>, plaintiff alleged that she was terminated for reporting her employer's unsafe dental practices that violated the Occupational Safety and Health Act of 1970 ("OSHA") to a dental association.  She asserted her wrongful discharge claim based on

2

the public policy against retaliatory discharges embodied in section 31-51m.  The Connecticut Supreme Court issued three holdings.  First, it held that plaintiff had not raised a material fact that she had reported to a public body as required by section 31-51m, and therefore, she could not use the public policy of section 31-51m to support her claim of wrongful discharge in violation of public policy.  The Court went on to an alternative holding—assuming that the plaintiff's termination violated the public policy of section 31-51m—that her claim would be preempted by the statutory remedy provided by section 31-51m. Third, the Court held that plaintiff's state wrongful discharge claim was preempted even though the plaintiff had not reported to a public body and could not have brought a section 31-51m claim because she had a remedy for her whistleblowing pursuant to the OSHA.

This Court now finds that it interpreted Burnham too broadly when it stated that "section 31-51m preempts common law wrongful discharge actions even when elements of the statute are not met."  As observed by Volles v. Knapp Neurosciences, 2010 WL 8746911 (D. Conn. 2010), "it is not at all clear that section 31-51m was intended by the legislature to preempt all common law claims for wrongful termination based on public policy when an employee does not complain outside of her own employer."  In light of the lack of clarity of the current law, the Court will allow plaintiff to plead his claim of wrongful discharge in the alternative.  On summary judgment, defendant may renew its argument that plaintiff's claim of wrongful discharge is preempted.

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration [doc. #62] is GRANTED. Upon review, the Court hereby VACATES its prior decision granting the motion to dismiss [doc. #53].

_____/s/_____
Warren W. Eginton
Senior U.S District Judge

Dated this 15th day of January 2013, at Bridgeport, Connecticut.